GREENBERG v. LESAMIS et al.

(Circuit Court of Appeals, Ninth Circuit. February 24, 1913.)

No. 2,126.

MINES AND MINERALS (§ 100*)—MINING PARTNERSHIP—APPOINTMENT OF RECEIVER—DISCRETION OF COURT.

In a suit by a member of a mining partnership for dissolution and accounting, he alleged that the partnership owned certain placer claims described, some of which they had leased on royalties; that two of the partners had fraudulently sold their interests to their codefendants, who were insolvent, and who threatened to collect the royalties. *Held*, that the refusal of the court to grant a preliminary injunction or to appoint a receiver was within its discretion; it not appearing from the record whether the lessees were working the property, or what, if any, royalties were, or would become, due.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 225; Dec. Dig. § 100.*]

Appeal from the District Court of the United States for the Second Division of the District of Alaska; Cornelius D. Murnane, Judge.

Suit in equity by H. Greenberg against Jack Lesamis, John Tyapay, Andy Garbin, George Stanley, and Sam Sallo. From an interlocutory order denying a motion for a preliminary injunction and the appointment of a receiver, complainant appeals. Affirmed.

J. F. Hobbes and William A. Gilmore, both of Nome, Alaska (Albert H. Elliott and Clarence E. Todd, both of San Francisco, Cal., of counsel), for appellant.

Albert Fink and Thomas R. White, both of San Francisco, Cal., and O. D. Cochran and G. J. Lomen, both of Nome, Alaska, for appellees.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. Plaintiff brings this suit for the dissolution of an alleged copartnership and for an accounting. The bill prays also for a restraining order pendente lite and for the appointment of a receiver to take charge of certain alleged rents and profits. The District Court refused to grant the injunction or to appoint a receiver, and from the interlocutory order thus made and entered the plaintiff appeals.

The complaint shows in brief that on March 19, 1910, the defendants Jack Lesamis, John Tyapay, and Andy Garbin were the owners

and in the rightful possession of certain placer mining claims situated in Noatak-Kobuk mining and recording district, Alaska, the claims being particularly described; that on said date the plaintiff and defendants Lesamis, Tyapay, and Garbin entered on certain contracts in writing whereby it was agreed that plaintiff and said defendants should form a copartnership for working said mining claims and, further, that said defendants would convey to plaintiff an undivided one-fourth interest in and to all of said claims, water rights, etc., then owned or to be acquired by said defendants, in consideration that plaintiff should furnish them with provisions from time to time up to and until July, 1910, and pay to said defendants $6,000 in cash, and the additional sum of $24,000 from the profits of the mining operations; that plaintiff paid to said defendants the sum of $6,000 and otherwise kept and performed his agreement, and in pursuance of said contract the parties entered into a mining copartnership under the firm name of Klery Creek Mining Company and entered upon the mining operations; that about August 10, 1911, the Klery Creek Mining Company executed several written leases upon several of the mining claims, at certain stipulated royalties to be paid the mining company; that thereafter, about August 13, 1911, Garbin and Lesamis collusively and fraudulently, and without consideration, transferred all their right, title, and interest in the Klery Creek Mining Company property to defendants George Stanley and Sam Sallo, both of whom are insolvent and took with full notice and knowledge of said copartnership and of its rights, and that it was indebted at the time in the sum of approximately $18,-000; that the defendants Stanley and Sallo now claim that, under the original copartnership agreement, they are entitled to the sum of $24,-000 from the first and gross output of the mining claims, without deducting the mining expenses or the said indebtedness of $18,000, and that they claim to be the lessors of the lessees from the Klery Creek Mining Company, and are threatening to and will collect, unless restrained, the royalties of the entire output of said mining claims belonging to the mining company under the alleged claim for payment of the said $24,000; that on October 24, 1911, one Philip Murphy, as the assignee of Robinson, Magids & Co., a creditor of the Klery Creek Mining Company, began an action at law against the mining company to recover the sum of $17,124, and caused a writ of attachment to issue against the mining property of the company, which said sum is due from the mining company, and should be paid from the first output of the mines in preference to the $24,000; that all the defendants are insolvent, and that, by reason of the facts as above set forth, plaintiff is unable to prosecute further the mining operations; that, unless a receiver is appointed to take possession of the copartnership property, the same will be dissipated, and the plaintiff will be compelled to pay the indebtedness of said mining operations; and that said defendants Stanley and Sallo threaten to assume the management and control of the copartnership assets, and to appropriate the rents, royalties, and profits to their own use, and thus ignore the debts and liabilities of the Klery Creek Mining Company.

The defendants by their answer admit substantially all that is alleged in the complaint; but they put a different construction upon the

copartnership agreement, and claim that the $24,000 balance which Greenberg agreed to pay for an undivided one-fourth interest in the mines is payable out of the gross products of the mines, without deduction for operating expenses. They deny that the deeds given by Lesamis and Garbin to Stanley and Sallo were fraudulently given, and claim that the copartnership was dissolved by mutual agreement about September 9, 1910, and that thereafter Greenberg operated the mines upon his individual account, and whatever indebtedness accrued was his individual indebtedness, and not that of the firm. They also allege matters relevant to an accounting between the parties.

Affidavits have been filed, and some depositions adduced, in support of the opposing contentions. From these, read in connection with the pleadings, it appears prima facie that a copartnership was entered into as alleged by the plaintiff; that said copartnership was not dissolved September 9, 1910, as claimed by the defendants, but continued in force and effect at least until Garbin and Lesamis sold, conveyed, and assigned to Stanley and Sallo their several interests in the mining claims, and in all rights and privileges in and concerning the mining and copartnership property, which took place September 2, 1911. The evidence would seem to indicate, further, prima facie at least, that these deeds were not executed in entire good faith, as no consideration was paid by the grantees. It further appears that Greenberg has a good cause of suit for dissolution of the copartnership and for an accounting.

Upon the showing made, the question here presented is whether plaintiff is entitled to injunctive relief and the appointment of a receiver. The mining claims are made a subject of the litigation, being specifically described in the complaint. Whoever deals with such claims must deal with them with notice and knowledge of the suit pending concerning them, and it is not apparent how plaintiff's rights as to these can be affected to his detriment. So it would seem that there is no need of an injunction or of a receiver for the protection of plaintiff's rights therein.

This leaves for consideration the feature of the dispute relating to the leases given to persons by the Klery Creek Mining Company for mining upon a royalty. The royalty is payable to the mining company, and it is alleged that the defendants Stanley and Sallo are collecting and threatening to collect such royalty and convert it to their own use, to the exclusion of the mining company; such company being legally entitled thereto.

As to the royalty, it appears that the Klery Creek Mining Company executed and delivered to divers persons leases on the mining claims of the company, reserving to the company 20 and 30 per cent. royalties on the gross output, and in a general way that Stanley and Sallo are receiving and threaten to receive, and to continue to receive, the royalties upon said leases to their own use, without regard to the indebtedness of said copartnership. It further appears that gold had been discovered upon only one of these mining claims, namely, the one known as "No. 1 Above." Greenberg's operations were upon this mine, but whether the leases cover it or not we are not definitely informed. However, we are not informed as to the probable amount of the roy-

alties that have or may become due to the mining company, and the matter is left so indefinite as to these leases that we cannot say whether they are worth much or little.

Under such a state of the record, we are not inclined to interfere with the discretion of the lower court in refusing the injunction or the appointment of a receiver. The interlocutory order will therefore be affirmed, with costs of the appeal to appellees.